**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Kilcline,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-21-00127-PHX-DLR (ESW)<br><br>**ORDER** |

　　　　Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Eileen S. Willett regarding Plaintiff's complaint seeking judicial review of the Social Security Administration's denial of his application for disability insurance benefits. (Doc. 23.) The R&R finds that the Administrative Law Judge's ("ALJ") decision is free from harmful legal error and recommends that the decision be affirmed. Magistrate Judge Willett advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. Plaintiff filed an objection to the R&R on March 3, 2022. (Doc. 24.) The Commissioner of the Social Security Administration ("Commissioner") did not respond.

　　　　The Court must affirm the ALJ's decision if it applies the correct legal standards and is supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The Court cannot substitute its own determination where there is sufficient evidence to support the ALJ's determination. *Morgan v. Comm'r of the Social Sec. Admin.*,

169 F.3d 595, 599 (9th Cir. 1999). The ALJ, not the Court, is responsible for resolving conflicts and ambiguities in the evidence and determining credibility. *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989).

Plaintiff argues the R&R erroneously finds that the ALJ properly rejected the opinion of Plaintiff's treating psychiatrist, Dr. Nahid Nadiri. The ALJ provided two reasons for rejecting Dr. Nadiri's opinion: (1) it is "supported with minimal explanation" and (2) it "is not entirely consistent with the overall evidence available at the hearing level, such as [Plaintiff's] largely unremarkable mental status exams." (A.R. at 23.)

The assessment which the ALJ found to be inadequate was an insurance form in which Dr. Nadiri detailed Plaintiff's mental health status and limitations. The R&R summarized the content of Dr. Nadiri's assessment as follows:

> Dr. Nadiri stated that Plaintiff presented with a "depressed/flat" mood and affect and psychomotor retardation, but had a "logical and goal oriented" thought process/content and was "grossly intact" in orientation, memory, attention, and concentration. (A.R. at 500). Dr. Nadiri indicated that Plaintiff had exhibited a "poor response" to treatment and had a severe impairment characterized by lack of self-care and difficulty with daily activities. (*Id.*). Dr. Nadiri assigned "mild-to-moderate" limitations in Plaintiff's ability to "comprehend and follow instructions" and "perform complex or varied tasks." (A.R. 501). Dr. Nadiri further indicated that Plaintiff could not direct, plan, and control the activities of others. (*Id.*).
>
> . . . In support of the opined work function limitations, Dr. Nadiri wrote only that Plaintiff "responds slowly to questions," has "poor concentration/fatigue," and has "difficulty with decision making or planning." (A.R. 501).

(Doc. 23 at 7.)

Dr. Nadiri's assessment is not minimal. It is concise, but adequately communicates the underlying observations, symptoms and characteristics which support Dr. Nadiri's opinion. Dr. Nadiri's observations are consistent with his opinion. His opinions also are well-supported by observations regularly reflected in the medical records and mental status exams.

The ALJ erred in finding that Dr. Nadiri's opinion is not consistent with the "largely unremarkable mental status exams." The ALJ's analysis is not supported by substantial

evidence. Although not every mental status exam showed significant observations, the mental status exams were regularly and consistently "remarkable." Some of the treatment notes cited as "unremarkable" include one from November 2017, in which Plaintiff's dose of clonazepam was increased to the maximum dose based on Plaintiff's anxious mood, anxious affect, decreased range, fair judgment and fair insight. The following month, it was noted that Plaintiff had impaired memory, fair concentration, difficulty completing tasks, fair insight, and an anxious mood. In a February 2018 record, it is noted that he has poor concentration. In October 2018, he reported that Zoloft was not helping his depression and the note indicated that his mood was observed to be depressed. The records show that in November 2018, Plaintiff had impaired concentration, flat affect, depressed mood, psychomotor retardation, and impaired memory. The record of the July 2019 appointment states that he had blunted affect, depressed mood, and psychomotor retardation. The record from Plaintiff's December 2019 appointment states that he had apathetic affect, depressed mood, psychomotor retardation, and impaired memory.

The observations made in the above-described medical records are significant. They are not "unremarkable." Psychomotor retardation and impaired memory are not minor. They pose limitations to sustaining the social interaction required for employment in even the most basic competitive work. *See* SSR 85-15. Plaintiff had hallucination in July 2017, auditory hallucinations in February 2018, and by January 2019, Dr. Nadiri observed Plaintiff's bipolarism worsening. Plaintiff's conditions are treated by a cocktail of behavioral health medications as well as electroconvulsive therapy, the most invasive mental treatment, not indicated for "minor" or occasional" symptoms. Dr. Nadiri documented that even though he had resorted to electroconvulsive therapy, Plaintiff showed no response.

When evaluating the persuasiveness of medical opinions, the most important factors for ALJ consideration are supportability and consistency. 20 C.F.R. § 404.1520c(a). The other factors to be considered include the length of treatment with the medical provider, the purpose of the treatment relationship, the extent of the treatment relationship, whether

the medical provider had an examining relationship with the claimant, his specialization and other factors that make the medical opinion more or less persuasive. *Id* at (c). All of these factors lean in favor of Dr. Nadiri's opinion being more persuasive.

For these reasons, the ALJ's findings that Dr. Nadiri's opinion was unpersuasive did not satisfy the requirements of 20 C.F.R. § 404.1520c(b)(2). However, the findings of ALJ were not based solely on the assessment of Dr. Nadiri's opinions, but also included the ALJ's evaluations of the medical opinions and prior administrative medical findings from state psychologist Scott Kaper, Ph.D. and findings concerning the ALJ's evaluation of Plaintiff's subjective complaints describing his symptoms. Plaintiff did not object to the R&R's acceptance of the ALJ's findings on those issues. Accordingly, the Court does not find a remand for an award of benefits to be appropriate. The Court, instead, will remand for further proceedings. In particular, the ALJ should reevaluate Dr. Nadiri's opinion and is free to reconsider the reminder of the decision based on that reevaluation.

**IT IS ORDERED** that Plaintiff's objection to the R&R (Doc. 24) is sustained. The R&R (Doc. 23) is not accepted for reasons stated herein. This matter instead is **REMANDED** for further proceedings consistent with this decision.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue judgment accordingly.

Dated this 4th day of May, 2022.

Douglas L. Rayes
United States District Judge